SHORT RECORD
Appeal No. 14-1660
Filed 3/27/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| | ) Civil Action No. 3:12-cv-00214-slc |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHERN STAR HOSPITALITY, INC. | ) |
| d/b/a SPARX RESTAURANT, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF APPEAL

Notice is hereby given that Northern Star Hospitality, Inc. d/b/a Sparx Restaurant,

Northern Star Properties, LLC, and North Broadway Holdings, Inc., Defendants in the above

name case, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the

Judgment entered in this action on the 25th day of February, 2014, and the Opinion and Order

entered in this action on the 20th day of August, 2013.


Dated: March 27, 2014                    **SCHWARTZ LAW FIRM**

                                         By:    /s Michael D. Schwartz
                                                /s Brandon M. Schwartz
                                         Michael D. Schwartz (WI#1018933)
                                         Brandon M. Schwartz (WI#1084533)
                                         600 Inwood Ave. N., Suite 130
                                         Oakdale, MN 55128
                                         Tele: (651) 528-6800
                                         Facsimile: (651) 528-6450
                                         michael@mdspalaw.com
                                         brandon@mdspalaw.com
                                         *Attorneys for Defendants*

### SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

*District:* Western District of Wisconsin    *Docket No.:* 12-cv-214-bbc

*Division:*

| *Plaintiff (Petitioner)* | *Short Caption* | *Defendant (Respondent)* |
|---|---|---|
| Equal Employment Opportunity Commission | *v.* | Northern Star Hospitality, Inc. et al. |

*Current Counsel for Plaintiff (Petitioner):*    *Current Counsel for Defendant (Respondent):*

*(Use separate sheet for additional counsel)*

| | | |
|---|---|---|
| *Name:* Laurie Vasichek | *Name:* | Michael D. Schwartz |
| *Firm:* Equal Employment Opportunity Commission | *Firm:* | Schwartz Law Firm |
| *Address:* 330 2nd Avenue South, Suite 720 | *Address:* | 600 Inwood Avenue North, Suite 130 |
| Minneapolis, MN  55401 | | Oakdale, MN  55128 |
| *Phone:* 612-335-4061 | *Phone:* | 651-528-6800 |

*Judge:* Barbara B. Crabb

*Court Reporter:* Lynette Swenson

*Nature of Suit Code:* 442

*Date Filed in District Court:* 03/27/2012

*Date of Judgment:* 02/25/2014

*Date of Notice of Appeal:* 03/27/2014

*Counsel:* ___*Appointed*    x *Retained*    ___*Pro Se*

*Fee Status:* x *Paid*    ___*Due*    ___*IFP*    ___*IFP Pending*    ___*U.S.*    ___*Waived*

*(Please mark only 1 item above)*

*Has Docketing Statement been filed with the District Court's Clerk's Office:*    x *Yes*    ___*No*

*If 28 U.S.C. §2254 or 28 U.S.C. §2255, was certificate of appealability:* ___*granted;* ___*denied;* ___*pending*

*If certificate of appealability was granted or denied, what is the date of the order:* _____

*If Defendant is in Federal custody, please provide United States Marshal number (USM#):* _____

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

*3/01*

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | District Court Case No. 3:12-cv-00214-slc |
| Plaintiff, | ) ) | Seventh Circuit Appeal Case No. ____ |
| v. | ) ) | |
| NORTHERN STAR HOSPITALITY, INC. d/b/a SPARX RESTAURANT, et al, | ) ) ) | |
| Defendants. | ) ) | |

## DOCKETING STATEMENT

### I.  JURISDICTION OF THE DISTRICT COURT

The district court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

### II.  JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the final decision of the U.S. District Court for the Western District of Wisconsin entered on February 25, 2014 and the Opinion and Order entered on August 20, 2013, by the Honorable Barbarab B. Crabb.  The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. §§ 1291 and 1295.

The Notice of Appeal was filed with the District Court on March 27, 2014.

Dated: March 27, 2014                    **SCHWARTZ LAW FIRM**

                                         By: ___/s Michael D. Schwartz
                                         _____/s Brandon M. Schwartz
                                         Michael D. Schwartz (WI#1018933)
                                         Brandon M. Schwartz (WI#1084533)
                                         600 Inwood Ave. N., Suite 130
                                         Oakdale, MN 55128
                                         Tele: (651) 528-6800
                                         Facsimile: (651) 528-6450
                                         michael@mdspalaw.com
                                         brandon@mdspalaw.com
                                         *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

        v.

NORTHERN STAR HOSPITALITY, d/b/a
SPARX RESTAURANT; NORTHERN
STAR PROPERTIES; and NORTH
BROADWAY HOLDINGS, INC.,

                Defendants.

OPINION AND ORDER

12-cv-214-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The parties in this employment discrimination case submitted two preliminary disputes to the court for determination in a bench trial before the jury decides the question of liability: (1) whether, as plaintiff Equal Employment Opportunity Commission contends, defendants Northern Star Hospitality, d/b/a Sparx Restaurant, Northern Star Properties and North Broadway Holdings, Inc. were engaged in interstate commerce at the time a Saparx manager working for Sparx allegedly engaged in retaliation against a Sparx employee and (2) whether the three defendants are properly considered a "single employer" for liability purposes. From the evidence presented at the August 12, 2013 court trial, I find that defendants Northern Star Hospitality and Northern Star Properties were engaged in interstate commerce at the time of the incident and that all three defendants can be

1

considered a single employer for liability purposes.  Therefore, the trial on the merits of plaintiff's claim of retaliation will go forward on September 16, 2013

From the parties' stipulations and the trial evidence, I find the following relevant facts.

## FACTS

The three defendants, Northern Star Hospitality Inc., d/b/a Sparx Restaurant (Hospitality), Northern Star Properties, LLC (Properties) and North Broadway Holdings, Inc. (Holdings), are corporate entities organized under Wisconsin law by Chris Brekken. Brekken is the sole member and manager of Properties and the sole shareholder, director and officer of the other two corporations.  Both Hospitality and Holdings have operated restaurants on the property at 1827 N. Broadway Street in Menomonie, Wisconsin, owned by Properties.  Hospitality operated a Green Mill franchise and later converted into an independent Sparx restaurant.  After it closed down Holdings began operating a Denny's Restaurant franchise in the same building.  Brekken is the sole shareholder of all three defendants, as well as several other corporations, including Rice Lake Harley Davidson and Geometrix.

Properties became the owner of the Broadway property in December 2004.  It took out a mortgage on the property from S & C Bank in Eau Claire.  In the same month, Brekken incorporated Hospitality, which obtained a Green Mill franchise at some time thereafter and operated it for several years.  The first lease of record between Properties and

2

Hospitality is dated July 2009 and is to run for six years. (Defendants did not produce any earlier leases, although Brekken testified that they existed.)  Brekken signed a corporate resolution for Hospitality, authorizing the 2009 lease, and he signed a lease form on behalf of both parties, requiring Hospitality to pay an "amount sufficient as determined on an annual basis between Landlord and Tenant to pay the debt service and debt-related expenses on the Note to Anchor Bank . . . said Note having an approximate balance of 1,600,000 $ [sic] on or about 7/15/09." Dfts.' Exh. #506.  In addition, Hospitality agreed to pay as additional rental an amount equal to the real estate taxes and operating expenses "per square foot of rentable area in the Building multiplied by the number of square feet of rentable area in the Premises," as well as the costs of insurance, improvements, maintenance and energy directly related to the building.

At some point, Hospitality rebranded the Green Mill restaurant as "Sparx" and eventually operated it as an independent restaurant with no ties to the Green Mill franchise. In 2011, Brekken started talks with the Denny's Corporation about opening a Denny's Restaurant to replace Sparx.  He told Denny's Corporation that he would be hiring managers from the existing pool of managers at Sparx.

On March 27, 2012, plaintiff filed this lawsuit.  On May 7, 2012, Brekken formed a Wisconsin limited liability corporation that he named North Broadway Holdings.  Sparx closed on June 3, 2012; Hospitality was dissolved the same day.  However, it continued making payments on Properties' mortgage and preparing for the new restaurant, which required gutting the building and cleaning up the site.  In addition, Hospitality paid for

corporate training by Denny's for the members of its management team, most of whom had worked for Sparx.   In fact, about half the former Sparx employees became employees of Holdings, working at the Denny's Restaurant.

The new company, Holdings, did not take possession of the Denny's Restaurant until November 14, 2012.  It did not assume any responsibility for the debts Hospitality had accrued during its existence, which apparently came primarily from "loans" from Geometix and Rice Lake Harley Davidson or directly from Brekken.  (Brekken testified that he made "shareholder loans" to Hospitality, but his testimony left it unclear whether he made some of the loans out of his personal accounts or whether they were all from his wholly-owned corporations.)

In accordance with the terms of its lease, Hospitality made the mortgage payments on the property at 1827 North Broadway.  After Hospitality was dissolved on June 3, 2012, its books showed that Properties owed money to Hospitality in each year from 2007 through 2011, increasing from about $14,000 at the end of 2007 to a high of $305,394 at the end of 2011.  At the end of 2012, the books showed no debt owing to Hospitality from Properties.  Defendants have not explained the disappearance of the debt or what it represented.  The tax accountant who did the 2012 tax returns for all of Brekken's companies was never provided a note, loan document, interest charges or invoices in connection with the debts.  (The accountant had done no work for the companies before the 2012 tax year.)

Hospitality had an operating loss of $320,000 in 2012.  At the beginning of the 2012

4

calendar year, it had shown debts owed to it by other companies owned by Chris Brekken of $329,395. Earlier, in 2009, it lost $806,582. It had received loans from its only shareholder (Chris Brekken) of $704,640 and it owed Geometrix $527,986 and Rice Lake Harley $746,540. Defendants produced no corporate records showing the inter-corporation loans or how they were handled. When Hospitality shut down, it could not have paid a judgment. At the end of the year, the adjusting journal entries credited Hospitality with $329,395 that was offset by debits exceeding $2,000,000 for loans that had been converted to paid in capital. Tr. exh. #542.

Impoverished as it was on paper, even after it was dissolved, Hospitality continued to pay rent to Properties in the form of mortgage payments and make other payments in preparation for the new Denny's Restaurant until November 2012. For example, it paid "severance fees" to its employees who had worked at Sparx to clean up the old restaurant and strip out the fixtures and equipment, all of which were scrapped, and it paid the liquor license fees for the new Denny's Restaurant that would take the place of Sparx. On November 14, 2012, Holdings took possession of the building and started serving customers.

In 2008 and 2009, the restaurant's Anchor Bank checking accounts read "Northern Star Properties LLC Green Mill Restaurant dba," as did the checks drawn on that account. Plt.'s Exh. #5. From January 1, 2009 to December 27, 2012, Hospitality had its own checking account with Royal Credit Union. Payroll records prepared by ADP showed the employer as Northern Star Properties. The work rules given to employees of Hospitality stated that the employees had to comply with the work rules of Northern Star Properties.

All three of the sequential restaurant operations at 1827 North Broadway purchased food from distributors located in Minnesota. It bought dishwashing supplies from Ecolab for which it was invoiced from Chicago, Illinois. The Schwarz Law Firm in Chanhassen, Minnesota, provided legal advice and representation to all of Chris Brekken's corporations or limited liability companies. Many checks were mailed between the restaurant in Menomonie and Geometrix in Minnesota, another corporation owned by Brekken, and a place where Brekken kept an office. The payroll processing for all incarnations of the restaurants was done in Minnesota by ADP. The Denny's Restaurant is a franchisee of Denny's Corporation, which is located in South Carolina. Holdings purchases food and supplies from South Carolina.

## OPINION

### A. Preliminary Motions

Plaintiff moved in limine for admission of deposition testimony, dkt. #96. That motion was granted at the start of trial because the testimony is that of either Rule 30(b)(6) witnesses (Chris Brekken and Randy Krautkramer) or of witnesses who live more than 100 miles from the courthouse (Kim Deasy, Chris Jarmuzek and Alex Rivet) and therefore admissible. (When the motion was filed, plaintiff asked for admission of deposition testimony of Michael Schwarz, who had been deposed as a 30(b)(6) witness, but who was also serving as trial counsel; the parties agreed that Schwarz's testimony would not be considered, so that part of the motion was withdrawn.)

6

Plaintiff moved in limine to preclude defendants from calling Lisa Donnerbauer (an employee of both Hospitality and Holdings), Donna Brey and Marian Drew (a former and a current employee of the EEOC) because they had not been identified in defendant's pretrial disclosures. Dkt. #115. That motion was granted on the ground that defendants' disclosure was untimely.

Defendants filed a motion in limine, dkt. #97, in which they argued that plaintiff had not complied with Title VII's conditions precedent before bringing suit. It is not clear what relief they sought; presumably, they wanted the court to dismiss the entire suit on this ground. However, defendants waited too long to raise the issue. When they answered the complaint, they merely set out a general denial, which was not adequate to alert plaintiff to their belief that the conditions precedent were not satisfied. A party denying that a condition precedent has been satisfied is required to assert the denial "with particularity." Fed. R. Civ. P. 9(c). <u>Liberles v. Cook County</u>, 709 F.2d 1122, 1125 (7th Cir. 1983); <u>see also</u> <u>EEOC v. Service Temps Inc</u>., 679 F.3d 323, 333 (5th Cir. 2012). Alternatively, defendants moved for leave to amend their complaint, but, again, they were too late. This motion was denied.

Defendants also filed a motion to strike portions of plaintiff's trial brief and for the imposition of sanctions on the ground that these portions contained scandalous matter bearing no relation to the controversy. Dkt. #139. That motion was denied because the allegedly scandalous material relates to matters that are in dispute in the case, such as whether Hospitality depleted its available assets by making payments on obligations of

Properties or North Holdings or whether Chris Brekken moved cash among his various corporations for improper purposes or without observing corporate formalities.

## B. Substantive Issues

The parties raised two substantive issues: (1) whether each of the defendants was an entity engaged in an industry affecting commerce under 42 U.S.C. § 2000e(b) and (2) whether defendants Properties and Holdings can be liable under Title VII as employers, even though Dion Miller was employed only by Hospitality. Resolution of the first issue is straightforward, although the path to the working definition of an "industry affecting commerce" is a winding one. The definition in 42 U.S.C. § 2000e(h) refers the reader to the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401-531, which in turn incorporates the definition of "affecting commerce" set forth in the Labor Management Relations Act and the Railway Labor Act. The Railway Labor Act defines the term as "in commerce or burdening or obstructing commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce." 29 U.S.C. § 152(7). In practice, this definition is easy to meet. It covers situations in which a defendant "merely used goods that at some point in time moved through interstate commerce." Johnson v. Apnar Ghar, Inc., 330 F.3d 999, 1003 (7th Cir. 2003).

In this case, the interstate effect is evident. Properties owns land and a building it rents to restaurant operators, who buy food and supplies from other states. The value of the property is increased by its being within 40 miles of Minneapolis and St. Paul and near an

exit off the interstate.  Its legal counsel is located in Minnesota.  In at least 2008 and 2009, it was paying for expenses incurred by Hospitality, including payroll services performed in Minnesota, as shown by the Anchor Bank checks issued under its name.  Moreover, as I find and conclude later in this opinion, Properties has such a unity of interest and ownership with the other two defendants that their activity in interstate commerce suffices to show that Properties was an entity engaged in an industry affecting interstate commerce at the time of the alleged illegal retaliation.

As for Hospitality, it bought food and supplies from interstate distributors, used the services of lawyers and a payroll service located in Minnesota and paid to have management employees attend training in South Carolina.  Holdings is doing the same.  In addition, Holdings' authority to operate its Denny's Restaurant comes from a South Carolina corporation with whom it communicates on a regular basis and from whom it buys food and supplies.  It is engaged in interstate commerce at this time, although it was not in existence when the alleged retaliation took place.

The second, somewhat less straightforward issue is whether plaintiff can proceed against the two defendants that did not have a direct employment relationship  with Dion Miller, the employee allegedly retaliated against by defendant Hospitality.  Affiliates of one corporation can be held liable for that corporation's illegal acts if corporate formalities have been ignored and the actions of one company accrue to another.  Worth v. Tyer, 276 F.3d 249, 260 (7th Cir. 2001).  Alternatively, a successor company may be liable if it knew of its predecessor's liability, knew the precise extent of that liability and knew that the predecessor

itself would not be able to pay a judgment obtained against it.  Id. (citing EEOC v. Vicitech, 842 F.2d 936, 945 (7th Cir. 1988)).  Finally, an affiliated corporation "forfeits its limited liability when it takes actions for the express purpose of avoiding liability under the discrimination laws or where the affiliate corporation might have directed the discriminatory act, practice, or policy of which the employee is complaining."  Id. (citing Papa v. Katy Industries, Inc., 166 F.3d 937, 941 (7th Cir. 1999)).

Plaintiff asserts that all defendants were liable for any award that might be made to Miller either because the corporate veil among defendants had been pierced or because Holdings was a successor company to Hospitality, knew about its predecessor's liability, knew the precise extent of that liability and knew that Hospitality would be unable to pay a judgment against it.  For its part, defendants contend that plaintiff cannot prove that any of the other defendants may be held liable because it has not shown the presence of the seven factors that are a prerequisite for such liability, including common management, centralized control of labor, common bank accounts, separate corporate resolutions and an indication that one corporation directed the discriminatory actions.  Their only support for this argument is an unpublished decision by this court, Faas v. Aramia, Ltd., 2000 WL 34239128 (W.D. Wis. 2000), involving quite different facts.  To the extent that this argument is based upon the "integrated enterprise" approach that the Court of Appeals for the Seventh Circuit espoused at one time, e.g., Rogers v. Sugar Tree Products, Inc., 7 F.3d 577, 582 (7th Cir. 1993) (applying four-factor test focusing on the interrelation of operations, common management, centralized control of labor relations and personnel and

common ownership), the court has abandoned that approach. <u>Worth</u>, 276 F.3d at 260
("integrated enterprise" test too amorphous to be applied consistently).

"Piercing the corporate veil" usually refers to determining whether an individual
should be held liable for the acts or debts of a corporation.

> The general rule is that a corporation is treated as a legal entity distinct from
> its members and is not liable for the personal debts of a shareholder.  However
> a shareholder's act will be treated as a corporate act and the existence of the
> corporation as an entity apart from the natural persons comprising it will be
> disregarded, if corporate affairs are organized, controlled and conducted so
> that the corporation has no separate existence of its own and is the mere
> instrumentality of the shareholder and the corporate form is used to evade an
> obligation, to gain an unjust advantage or to commit an injustice.

<u>Wiebke v. Richardson & Sons, Inc</u>., 83 Wis. 2d 359, 363, 265 N.W.2d 571, 573 (1978).

<u>See also</u> <u>Anderson v. Abbott</u>, 321 U.S. 349 (1944) ("there are occasions when the limited

liability sought to be obtained through the corporation will be qualified or denied"); <u>Secon</u>

<u>Service System, Inc. v. St. Joseph Bank and Trust Co</u>., 855 F.2d 406, 412-15 (1988).

<u>Matter of Kaiser</u>, 791 F.2d 73, 74-77 (7th Cir. 1986); <u>Olen v. Phelps</u>, 200 Wis. 2d 155, 546

Wis. 2d 176 (1996) (corporation is mere alter ego of its owner when owner treats corporate

assets as his own).  With affiliated companies, one of them may forfeit its limited liability

through "piercing the corporate veil," which requires showing that there is "such unity of

interest and ownership between the affiliates that the separate personalities no longer exist;

and second, circumstances must be such that adherence to the fiction of separate corporate

existence would sanction a fraud or promote injustice.'" <u>Worth</u>, 276 F.3d at 259-260

(quoting <u>Van Dorn Co. v. Future Chemical & Oil Co</u>., 753 F.2d 565, 569-70 (7th Cir.

1985)).

In this case, the parties have focused on whether the three defendants observed the corporate formalities sufficiently to protect any one of them from liability for the acts of the others. The facts show that they did not. All of them were controlled entirely and solely by Chris Brekken, who rarely observed corporate formalities when transferring debts or assets from any one corporation to another or attributing responsibilities to any particular corporation. For example, he listed Properties as the corporate entity for the Green Mill restaurant on an Anchor Bank checking account used for payroll and other expenses for the restaurant for at least two years (2008-09) but now says that the restaurant was the sole responsibility of Hospitality. Although Hospitality had $305,395 in debts owed it by Properties as of the end of 2011, defendants adduced no evidence that Properties ever paid any interest on the debts to Hospitality or, so far as the evidence shows, paid them off. They were simply credited to Hospitality as part of an adjustment of journal entries and set off against loans and notes payable to Geometrix, Chris Brekken and Eric Sampson (whose role in this case has not been disclosed by the parties). There is no evidence of any note, loan documentation or invoices relating to the "loans" over the years in which they were purportedly made. When one of Brekken's corporations required an infusion of cash, Brekken simply transferred money from another one of his solely-owned corporations or possibly out of his own pocket. (The record is unclear in this respect.)

Moreover, although Hospitality was dissolved formally in early June 2012, it continued to act as an ongoing entity, undertaking work to make the restaurant building ready for its new life as a Denny's Restaurant, incurring costs for that work, and continuing

to make mortgage payments to Properties and pay for insurance.  At the same time, it paid for the costs of the liquor license transfer from Sparx to the new Denny's Restaurant and it paid for the cost of extensive training by Denny's Corporation for the management staff at the new restaurant.  In short, the numerous instances in which corporate formalities were overlooked supports a conclusion that the "corporate veil" has been pierced and that Properties and Holdings can be held equally responsible for any liability that a jury might assess against Hospitality.

Alternatively, the facts are sufficient to find that Holdings has successor liability for any award against Hospitality for illegal retaliation.  No one has suggested that it paid Hospitality for the assets it acquired, but it moved into a building prepared for it by Hospitality to the specifications of Denny's Corporation, hired more than half of the employees previously employed by Hospitality, hired Hospitality's  management team, the members of which had been trained by Denny's at Hospitality's expense, and used the same work rules for the employees that Hospitality had used at Sparx.  In other words, Holdings carried on the restaurant business at 1827 North Broadway, albeit with a different name and theme.  It knew about Hospitality's potential liability for the retaliation against Miller; and it knew, because Brekken knew and Brekken was the only owner or officer of Holdings, that Hospitality would not be able to pay any judgment obtained against it.  EEOC v. Vucitech, 842 F.2d 936, 945 (7th Cir. 1988) ("When the successor company knows about its predecessor's liability, knows the precise extent of that liability, and knows that the predecessor itself could not be able to pay a judgment obtained against it, the presumption

13

should be in favor of successor liability"). <u>See also</u> <u>Fall River Dyeing & Finishing Corp.</u>, 482 U.S. 27 (1987) (discussing successorship in connection with successor's continued obligation to recognize and bargain with union).

I find and conclude that plaintiff has shown that the three defendants forfeited their limited liability and that the actions of any one of the three defendants accrue to the others, so that all will be liable for any judgment awarded against Hospitality for its alleged retaliation against Dion Miller. In addition, I conclude that Holdings is a successor to Hospitality and that it can be held liable for the allegedly retaliatory actions of Hospitality with respect to Dion Miller.

## ORDER

IT IS ORDERED that

1. Plaintiff Equal Employment Opportunity Commission's motion for admission of the deposition testimony of Chris Brekken, Randy Krautkramer, Kim Deasy, Chris Jarmuzek and Alex Rivet, dkt. #96, is GRANTED;

2. Plaintiff's motion to bar defendant from calling Lisa Donnerbauer, Donna Brey and Marian Drew, dkt. #115, is GRANTED;

3. Defendants Northern Star Hospitality, d/b/a Sparx Restaurant, Northern Star Properties and North Broadway Holdings, Inc.'s motion to dismiss this suit on the ground that plaintiff failed to comply with Title VII's conditions precedent or in the alternative to grant them leave to amend their answer, dkt. #97, is DENIED;

4. Defendants' motion to strike portions of plaintiff's trial brief and award sanctions, dkt. #138, is DENIED;

5. Defendants' motion to dismiss this case because plaintiff has not shown that defendants were entities engaged in an industry affecting commerce under 42 U.S.C. § 2000e is DENIED; and

6. Defendants' motion to dismiss this case as to defendants Northern Star Properties and North Broadway Holdings, Inc. on the ground that plaintiff has not shown that these defendants have any liability for the allegedly retaliatory action of defendant Northern Star Hospitality is DENIED.

Entered this 20th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

NORTHERN STAR HOSPITALITY d/b/a SPARX RESTAURANT;
NORTHERN STAR PROPERTIES, LLC; and
NORTH BROADWAY HOLDINGS, INC.,

        Defendants.

JUDGMENT IN A CIVIL CASE

Case No. 12-cv-214-bbc

---

      This action came before the court and a jury with District Judge Barbara B. Crabb presiding. The issues have been tried and the jury has rendered its verdict.

---

      IT IS ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted with respect to plaintiff's harassment claim.

      IT IS FURTHER ORDERED AND ADJUDGED that defendants are enjoined:

1.    from discharging employees in retaliation for complaints about racially offensive postings in defendants' workplace;

2.    from failing to adopt policies that explicitly prohibit actions made unlawful under Title VII;

3.    from failing to adopt an investigative process with regard to discrimination claims; and

4.    from failing to provide annual training to Chris Brekken and other managers, including supervisors, regarding Title VI; and

5.    Defendants are to send plaintiff a statement of compliance no later than December 31 for each of the three years in which the injunction is in effect.

      IT IS FURTHER ORDERED AND ADJUDGED that:

1.    Dion Miller is awarded $15,000 for emotional damages;

2.    Dion Miller is awarded back pay in the amount of $40,197.99, plus interest for the period from his date of termination through January 31, 2014 in the amount of $3,102.51, for a total award of $43,300.50; and

3.   Dion Miller is awarded an additional amount of back pay equal to 15% of the back pay award,

including interest, which additional amount equals $6,495.00, to reimburse him for the extra taxes

he will owe on the lump sum payment he is to receive.


Approved as to form this 24th day of February, 2014.


*Barbara B. Crabb*
Barbara B. Crabb, District Judge


s/K. Jacobson, Deputy Clerk                                         2/25/2014
Peter Oppeneer, Clerk of Court                                          Date

**U.S. District Court**
**Western District of Wisconsin (Madison)**
**CIVIL DOCKET FOR CASE #: 3:12−cv−00214−bbc**
*Internal Use Only*

| | |
|---|---|
| Equal Employment Opportunity Commission v. Northern Star Hospitality, Inc. | Date Filed: 03/27/2012 |
| Assigned to: District Judge Barbara B. Crabb | Date Terminated: 02/25/2014 |
| Referred to: Magistrate Judge Stephen L. Crocker | Jury Demand: Plaintiff |
| Cause: 42:2000 Job Discrimination (Race) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

| | | |
|---|---|---|
| **Equal Employment Opportunity Commission** | represented by | **Camille Annette Monahan** |
| | | Equal Employment Opportunity Commission |
| | | 310 W. Wisconsin Avenue |
| | | Suite 800 |
| | | Milwaukee, WI 53203−2292 |
| | | 414−297−3548 |
| | | Fax: 414−297−3146 |
| | | Email: camille.monahan@eeoc.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Laurie Ann Vasichek** |
| | | U.S. Equal Employment Opportunity Commission |
| | | 330 2nd Avenue South |
| | | Suite 720 |
| | | Minneapolis, MN 55401 |
| | | 612−335−4061 |
| | | Fax: 612−335−4044 |
| | | Email: laurie.vasichek@eeoc.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Jessica Ann Palmer−Denig** |
| | | U.S. Equal Employment Opportunity Commission |
| | | 330 2nd Avenue South |
| | | Suite 720 |
| | | Minneapolis, MN 55401 |
| | | 612−334−4010 |
| | | Fax: 612−335−4044 |
| | | Email: jessica.palmer−denig@eeoc.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Nicholas J. Pladson** |
| | | EEOC |
| | | 330 2nd Ave. S |
| | | Suite 720 |
| | | Minneapolis, MN 55401 |
| | | Email: nicholas.pladson@eeoc.gov |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Northern Star Hospitality, Inc.** | represented by | **Michael D. Schwartz** |
| *doing business as* | | Michael D. Schwartz, P.A. |
| Sparx Restaurant | | Schwartz Law Firm |

600 Inwood Ave. N, Suite130
Oakdale, MN 55128
651−528−6800
Email: michael@mdspalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**North Broadway Holdings, Inc.**            represented by   **Michael D. Schwartz**
                                                              Michael D. Schwartz, P.A.
                                                              Schwartz Law Firm
                                                              600 Inwood Ave. N, Suite 130
                                                              Oakdale, MN 55128
                                                              651−528−6800
                                                              Email: michael@mdspalaw.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Northern Star Properties, LLC**            represented by   **Michael D. Schwartz**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Northern Star Hospitality, Inc.**          represented by   **Michael D. Schwartz**
*TERMINATED: 02/08/2013*                                      (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Equal Employment Opportunity**             represented by   **Camille Annette Monahan**
**Commission**                                                (See above for address)
*TERMINATED: 02/08/2013*                                      *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jessica Ann Palmer−Denig**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Laurie Ann Vasichek**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Nicholas J. Pladson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/27/2012 | 1 | COMPLAINT against Northern Star Hospitality, Inc.. Service to be completed by Waiver of Service of Summons., filed by Equal Employment Opportunity Commission. (Attachments:<br># 1 JS−44 Civil Cover Sheet,<br># 2 Notice of Lawsuit,<br># 3 Waiver of Service of Summons) (Monahan, Camille) Modified exhibit descriptions on 3/28/2012 (mmo). (Entered: 03/27/2012) |

| 03/28/2012 | | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (krj) (Entered: 03/28/2012) |
|---|---|---|
| 03/28/2012 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (krj) (Entered: 03/28/2012) |
| 04/30/2012 | 2 | Request for Issuance of Summons by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 04/30/2012) |
| 04/30/2012 | 3 | Request for Issuance of Summons by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 04/30/2012) |
| 04/30/2012 | 4 | Request for Issuance of Summons by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 04/30/2012) |
| 05/01/2012 | 5 | Summons Issued as to Northern Star Hospitality, Inc. (1827 Broadway Street N), (Attachments: # 1 Summons − Northern Star Hospitality, Inc. (11205 497th Avenue), # 2 Summons − Northern Star Hospitality, Inc. (W10622 State Road 35) (krj) Modified on 5/11/2012 (llj). (Entered: 05/01/2012) |
| 05/31/2012 | 6 | Notice of Appearance filed by Michael D. Schwartz for Defendant Northern Star Hospitality, Inc. (Schwartz, Michael) (Entered: 05/31/2012) |
| 05/31/2012 | 7 | Waiver of Service Returned Executed by Defendant Northern Star Hospitality, Inc.. Northern Star Hospitality, Inc. waiver sent on 5/30/2012, answer due 7/30/2012. (Schwartz, Michael) (Entered: 05/31/2012) |
| 05/31/2012 | 8 | ANSWER with Jury Demand by Defendant Northern Star Hospitality, Inc.. (Schwartz, Michael) (Entered: 05/31/2012) |
| 06/01/2012 | | Set Telephone Pretrial or Status Conference: Telephone Pretrial Conference set for 6/27/2012 at 01:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. [Standing Order Governing Preliminary Pretrial Conference attached] (krj) (Entered: 06/01/2012) |
| 06/21/2012 | | Reminder to Counsel: If you have not provided your Consent/Request for Reassignment forms, please do so by 6/26/2012. (lak) (Entered: 06/21/2012) |
| 06/21/2012 | 9 | Joint Discovery Plan (Monahan, Camille) (Entered: 06/21/2012) |
| 06/27/2012 | | Case randomly reassigned to District Judge Barbara B. Crabb and Magistrate Judge Stephen L. Crocker. (lak) (Entered: 06/27/2012) |
| 06/27/2012 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Preliminary Pretrial Conference held on 6/27/2012 [:10] (cak) (Entered: 06/27/2012) |
| 07/03/2012 | 10 | Pretrial Conference Order − Amendments to Pleadings due 9/7/2012. Dispositive Motions due 1/14/2013. Settlement Letters due 6/28/2013. Motions in Limine due 7/5/2013. Response to Motion due 7/19/2013. Final Pretrial Conference set for 8/1/2013 at 04:00 PM. Jury Selection and Trial set for 8/5/2013 at 09:00 AM. Signed by Magistrate Judge Stephen L. Crocker on 7/2/2012. (voc) (Entered: 07/03/2012) |
| 09/07/2012 | 11 | AMENDED COMPLAINT against Northern Star Hospitality, Inc., North Broadway Holdings, Inc, North Star Properties, LLC, filed by Equal Employment Opportunity Commission. (Attachments: # 1 Waiver of Service of Summons) (Monahan, Camille) Modified text on 9/10/2012 (krj). (Entered: 09/07/2012) |
| 09/26/2012 | 12 | Declaration of Camille A. Monahan filed by Plaintiff Equal Employment Opportunity Commission *In Support to EEOC's Motion to Compel Discovery* re: 13 Motion to Compel by Plaintiff Equal Employment Opportunity Commission. (Attachments: |

|  |  |  |
|---|---|---|
|  |  | #1 Exhibit A − EEOC's First Set of Discovery Requests, #2 Exhibit B − Copy of Defendant's Initial Disclosures, #3 Exhibit C − Copy of the email chain dated August 8, 2012, #4 Exhibit D − Copy of Defendant's Discovery Responses, #5 Exhibit E − Copy of the Menomonie City Counsel meeting minutes from June 15, 2009, #6 Exhibit F − Copy of the Menomonie City Counsel meeting minutes from August 3, 2009, #7 Exhibit G − Copy of the Menomonie City Cousel meeting minutes from June 20, 2011, #8 Exhibit H − Copy of the Menomonie City Counsel meeting minutes from June 18, 2012, #9 Exhibit I − Copy of the Parcel Tax Information record for 2011, #10 Exhibit J − Copy of the EEOC's letter dated August 31, 2012, #11 Exhibit K − Copy of the Defendant's letter dated September 10, 2012, #12 Exhibit L − Copy of Defendant's Notice of Motion and Motion, #13 Exhibit M − Copy of EEOC's letter dated September 13, 2012, #14 Exhibit N − Copy of the EEOC's email dated September 24th 2012) (Monahan, Camille) Modified docket text on 9/26/2012. (arw) (Entered: 09/26/2012) |
| 09/26/2012 | 13 | Motion to Compel by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. Response due 10/3/2012. (Monahan, Camille) (Entered: 09/26/2012) |
| 09/26/2012 | 14 | Brief in Support of 13 Motion to Compel by Plaintiff Equal Employment Opportunity Commission (Monahan, Camille) (Entered: 09/26/2012) |
| 09/27/2012 |  | Set/Reset Deadlines as to 13 Motion to Compel . Response due 10/3/2012. Telephone Motion Hearing set for 10/10/2012 at 11:00 AM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. (krj) (Entered: 09/27/2012) |
| 10/01/2012 | 15 | Request for Issuance of Summons by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 10/01/2012) |
| 10/01/2012 | 16 | Request for Issuance of Summons by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 10/01/2012) |
| 10/02/2012 | 17 | Summons Issued as to North Broadway Holdings, Inc. (Main Document), Northern Star Properties, LLC. (Attachments: #1 Summons − Northern Star Properties) (krj) (Entered: 10/02/2012) |
| 10/03/2012 | 18 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 13 Motion to Compel filed by Equal Employment Opportunity Commission (Schwartz, Michael) (Entered: 10/03/2012) |
| 10/03/2012 | 19 | Disregard − refiled as 20 . Modified on 10/4/2012; requested attorney refile with exhibits attached separately and described. (mmo). Modified on 10/5/2012 (krj). (Entered: 10/03/2012) |
| 10/04/2012 | 20 | Declaration of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 13 Motion to Compel (Attachments: #1 Exhibit Letter to Camille Monahan dated October 2, 2012, #2 Exhibit Email from Camille Monahan dated October 2, 2012) (Schwartz, Michael) (Entered: 10/04/2012) |
| 10/09/2012 | 21 | Affidavit of Service by Plaintiff. Northern Star Properties, LLC served on 10/4/2012, answer due 10/25/2012. (Monahan, Camille) (Entered: 10/09/2012) |
| 10/09/2012 | 22 | Affidavit of Service by Plaintiff. North Broadway Holdings, Inc. served on 10/4/2012, answer due 10/25/2012. (Monahan, Camille) (Entered: 10/09/2012) |
| 10/10/2012 |  | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Motion Hearing held on 10/10/2012 [:05] (cak) (Entered: 10/10/2012) |

| | | |
|---|---|---|
| 10/10/2012 | 23 | ** TEXT ONLY ORDER **<br>At an October 10, 2012 telephonic hearing, the court denied without prejudice the EEOC's motion to compel discovery 13 . The parties are to file their jointly proposed protective order not later than October 12, 2012. Defendant North Star Hospitality, Inc. shall provide its responses to the previously−contested discovery as soon as possible but not later than October 19, 2012. Each side will bear its own costs on this motion. Signed by Magistrate Judge Stephen L. Crocker on 10/10/12. (krj) Modified on 10/22/2012 (llj). (Entered: 10/10/2012) |
| 10/12/2012 | 24 | Stipulation for Protective Order by Plaintiff Equal Employment Opportunity Commission. (Monahan, Camille) (Entered: 10/12/2012) |
| 10/15/2012 | 25 | ** TEXT ONLY ORDER **<br>The parties' stipulated protective order 24 is accepted and entered. Signed by Magistrate Judge Stephen L. Crocker on 10/15/12. (krj) (Entered: 10/15/2012) |
| 10/25/2012 | 26 | ANSWER to Amended Complaint *and*, COUNTERCLAIM against Equal Employment Opportunity Commission by Defendant Northern Star Hospitality, Inc. d/b/a Sparx Restaurant's ("Sparx Inc."). (Attachments:<br># 1 Certificate of Service) (Schwartz, Michael) Modified docket text on 10/26/2012 (mmo). (Entered: 10/25/2012) |
| 10/25/2012 | 27 | Notice of Appearance filed by Michael D. Schwartz for Defendant Northern Star Properties, LLC (Schwartz, Michael) (Entered: 10/25/2012) |
| 10/25/2012 | 28 | ANSWER to Amended Complaint by Defendant Northern Star Properties, LLC. (Attachments:<br># 1 Certificate of Service) (Schwartz, Michael) (Entered: 10/25/2012) |
| 10/25/2012 | 29 | Notice of Appearance filed by Michael D. Schwartz for Defendant North Broadway Holdings, Inc. (Schwartz, Michael) (Entered: 10/25/2012) |
| 10/25/2012 | 30 | ANSWER to Amended Complaint by Defendant North Broadway Holdings, Inc.. (Attachments:<br># 1 Certificate of Service) (Schwartz, Michael) (Entered: 10/25/2012) |
| 11/08/2012 | 31 | Notice of Appearance filed by Laurie Ann Vasichek for Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 11/08/2012) |
| 11/08/2012 | 32 | Notice of Appearance filed by Nicholas J. Pladson for Plaintiff Equal Employment Opportunity Commission (Pladson, Nicholas) (Entered: 11/08/2012) |
| 11/14/2012 | 33 | **MOTION TO DISMISS *Counterclaim of Defendant*** by Plaintiff Equal Employment Opportunity Commission. Brief in Opposition due 12/5/2012. Brief in Reply due 12/17/2012. (Monahan, Camille) (Entered: 11/14/2012) |
| 11/14/2012 | 34 | Brief in Support of 33 Motion to Dismiss by Plaintiff Equal Employment Opportunity Commission (Monahan, Camille) (Entered: 11/14/2012) |
| 11/14/2012 | 35 | Certificate of Service by Plaintiff Equal Employment Opportunity Commission (Monahan, Camille) (Entered: 11/14/2012) |
| 12/05/2012 | 36 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 33 Motion to Dismiss filed by Equal Employment Opportunity Commission (Schwartz, Michael) (Entered: 12/05/2012) |
| 12/05/2012 | 37 | Affidavit of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *in Support of Northern Star Hospitality, Inc. d/b/a Sparx Restaurant's Brief in Opposition of* re: 33 Motion to Dismiss (Attachments:<br># 1 Exhibit Ex. 1 Relevant Deposition pages of Dion Miller,<br># 2 Exhibit Ex. 2 of Dion Miller's Deposition Press Release) (Schwartz, Michael) Modified on 12/6/2012; requested attorney file full/condensed deposition. (mmo). (Entered: 12/05/2012) |
| 12/06/2012 | 38 | Deposition of Dion Miller taken on 11−15−12 (Attachments:<br># 1 Exhibit Ex. 1 List of Companies,<br># 2 Exhibit Ex. 2 Press Release, |

| | | |
|---|---|---|
| | | # 3 Exhibit Ex. 3 Ltr from EEOC,<br># 4 Exhibit Ex. 4 Hasselhoff photo,<br># 5 Exhibit Ex. 5 Coleman photo,<br># 6 Exhibit Ex. 6 Dollar bill photo,<br># 7 Exhibit Ex. 7 Weekly work Search Log,<br># 8 Exhibit Ex. 8 Weekly Work Search Log,<br># 9 Exhibit Ex. 9 ltr from EEOC,<br># 10 Exhibit Ex. 10 Charge of Discrimination (sealed document),<br># 11 Exhibit Ex. 11 EEOC Intake Questionaire (sealed document),<br># 12 Exhibit Ex. 12 Statement,<br># 13 Exhibit Ex. 13 Employee Handbook,<br># 14 Exhibit Ex. 14 Claimant Statement,<br># 15 Exhibit Ex. 15 Organization Chart) (Schwartz, Michael) Sealed exhibits 10 and 11 on 12/11/2012 (krj). (Entered: 12/06/2012) |
| 12/10/2012 | 39 | Exhibit #10 to 38 Deposition, *Redacted Exhibits to Dion Miller Deposition Transcript* (Attachments:<br># 1 Exhibit 11 − Intake Questionaire) (Schwartz, Michael) Modified docket text on 12/11/2012 (mmo). (Entered: 12/10/2012) |
| 12/14/2012 | 40 | Brief in Reply by Plaintiff Equal Employment Opportunity Commission in Support of 33 Motion to Dismiss (Attachments:<br># 1 Certificate of Service) (Monahan, Camille) (Entered: 12/14/2012) |
| 01/14/2013 | 41 | **MOTION FOR SUMMARY JUDGMENT** by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. Brief in Opposition due 2/4/2013. Brief in Reply due 2/14/2013. (Schwartz, Michael) (Entered: 01/14/2013) |
| 01/14/2013 | 42 | Brief in Support of 41 Motion for Summary Judgment by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 01/14/2013) |
| 01/14/2013 | 43 | Affidavit of Brandon M. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 41 Motion for Summary Judgment. (Sealed Document) (Attachments:<br># 1 Exhibit A − Deposition transcript Dion Miller,<br># 2 Exhibit B − Deposition transcript Thomas Nesheim, see 44 ,<br># 3 Exhibit C − Deposition transcript of Kim Deasy, see 45<br># 4 Exhibit D − Sparx Organization,<br># 5 Exhibit E − David Hasselhoff Note,<br># 6 Exhibit F − Jarmuzek Deposition Transcript, see 46<br># 7 Exhibit G − Employee Handbook Excerpt,<br># 8 Exhibit H − Employee Handbook Excerpt,<br># 9 Exhibit I − Employee Handbook Excerpt,<br># 10 Exhibit J − Statement of Tom Nesheim,<br># 11 Exhibit K − Statement of Kim Deasy,<br># 12 Exhibit L − EEOC Response to Req. for Admissions,<br># 13 Exhibit M − Employee Discussion Form,<br># 14 Exhibit N − Case) (Schwartz, Michael) Modified on 1/15/2013; requested attorney file Exhibits B,C and F (Depositions) as separate documents in Full/Condensed format with any exhibits attached separately and described. (Exhibit A already filed as entry 38 ) (mmo). Sealed document on 1/28/2013 per court order. (krj) (Entered: 01/14/2013) |
| 01/15/2013 | 44 | Deposition of Tom Nesheim taken on 1/8/13 (Exhibit B) to 43 Affidavit filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc.(Sealed Document) (Attachments:<br># 1 Exhibit 1 − Nesheim Depo Photograph,<br># 2 Exhibit 2 − Nesheim Depo Employee Discussion Form) (Schwartz, Michael) Modified docket text on 1/16/2013 (mmo). Sealed document on 1/28/2013 per court order. (krj) (Entered: 01/15/2013) |
| 01/15/2013 | 45 | Deposition of Kim Deasy taken on 1/9/13 (Exhibit C) to 43 Affidavit filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. (Attachments: |

| | | #_1_ Exhibit 1 − Deasy Sparx Organization Chart,<br>#_2_ Exhibit 2 − Deasy Sparx Organization Chart,<br>#_3_ Exhibit 3 − Deasy Statement from Deasy,<br>#_4_ Exhibit 4 − Deasy Statement from Deasy,<br>#_5_ Exhibit 5 − Deasy Employer Statement,<br>#_6_ Exhibit 6 − Deasy Fax Cover Sheet) (Schwartz, Michael) Modified docket text on 1/16/2013 (mmo). (Entered: 01/15/2013) |
|---|---|---|
| 01/15/2013 | 46 | Deposition of Christopher Jarmuzek taken on 1/11/13 (Exhibit F) to _43_ Affidavit filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. Sealed Document) (Attachments:<br>#_1_ Exhibit 1 − Jarmuzek photograph) (Schwartz, Michael) Modified docket text on 1/16/2013 (mmo). Sealed document on 1/28/2013 per court order. (krj) (Entered: 01/15/2013) |
| 01/25/2013 | 47 | Notice of Appearance filed by Jessica Ann Palmer−Denig for Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 01/25/2013) |
| 01/28/2013 | 48 | Motion to Seal Document _43, 44 and 46 previously filed_ by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. Motions referred to Magistrate Judge Stephen L. Crocker. (Schwartz, Michael) (Entered: 01/28/2013) |
| 01/28/2013 | 49 | Deposition of Thomas Nesheim taken on January 8, 2013 _Ex. B to #43 Redacted_ (Schwartz, Michael) (Entered: 01/28/2013) |
| 01/28/2013 | 50 | Deposition of Chris Jarmuzek taken on January 11, 2013 _Ex. F to #43 Redacted_ (Schwartz, Michael) (Entered: 01/28/2013) |
| 01/28/2013 | 51 | ** TEXT ONLY ORDER **<br>ORDER granting _48_ Motion to Seal Documents. Signed by Magistrate Judge Stephen L. Crocker on 1/28/13. (krj) (Entered: 01/28/2013) |
| 02/04/2013 | 52 | Brief in Opposition by Plaintiff Equal Employment Opportunity Commission re: _41_ Motion for Summary Judgment filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 53 | Declaration of Laurie A. Vasichek filed by Plaintiff Equal Employment Opportunity Commission _in Opposition_ re: _41_ Motion for Summary Judgment (Attachments:<br>#_1_ Exhibit A − memo from Deasy to EEOC,<br>#_2_ Exhibit B − file copy of Defendants' position statement,<br>#_3_ Exhibit C − Defendant's Answer to the EEOC's First Set of Interrogatories,<br>#_4_ Exhibit D − termination notice) (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 54 | Deposition of Kim M. Deasy taken on 01/09/2013 (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 55 | Deposition of Thomas J. Nesheim taken on 01/08/2013 _date of birth redacted_ (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 56 | Declaration of Dion Miller filed by Plaintiff Equal Employment Opportunity Commission _in Opposition_ re: _41_ Motion for Summary Judgment (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 57 | Declaration of Amber Malean filed by Plaintiff Equal Employment Opportunity Commission _in Opposition_ re: _41_ Motion for Summary Judgment (Attachments:<br>#_1_ Exhibit A − cell phone pictures) (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 58 | Response to Proposed Findings of Fact filed by Plaintiff Equal Employment Opportunity Commission re: _41_ Motion for Summary Judgment (Vasichek, Laurie) (Entered: 02/04/2013) |
| 02/04/2013 | 59 | Proposed Findings of Fact filed by Plaintiff Equal Employment Opportunity Commission re: _41_ Motion for Summary Judgment (Vasichek, Laurie) (Entered: 02/04/2013) |

| 02/05/2013 | 60 | Proposed Findings of Fact filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 41 Motion for Summary Judgment (Schwartz, Michael) (Entered: 02/05/2013) |
|---|---|---|
| 02/05/2013 | 61 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re 60 Proposed Findings of Fact . (Schwartz, Michael) (Entered: 02/05/2013) |
| 02/06/2013 | 62 | Supplemental Response to Proposed Findings of Fact filed by Plaintiff Equal Employment Opportunity Commission re: 41 Motion for Summary Judgment (Vasichek, Laurie) (Entered: 02/06/2013) |
| 02/08/2013 | 63 | ORDER granting 33 Motion to Dismiss counterclaim. Signed by District Judge Barbara B. Crabb on 2/8/13. (krj) (Entered: 02/08/2013) |
| 02/14/2013 | 64 | Response to Proposed Findings of Fact filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 41 Motion for Summary Judgment (Schwartz, Michael) (Entered: 02/14/2013) |
| 02/14/2013 | 65 | Brief in Reply by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC in Support of 41 Motion for Summary Judgment (Schwartz, Michael) (Entered: 02/14/2013) |
| 02/14/2013 | 66 | Affidavit of Brandon M. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 41 Motion for Summary Judgment (Attachments: <br> # 1 Exhibit Ex. A Evan Openshaw Statement.pdf, <br> # 2 Exhibit Ex. B Organization Chart.pdf, <br> # 3 Exhibit Ex. C Kim Deasy Statement.pdf) (Schwartz, Michael) (Entered: 02/14/2013) |
| 05/09/2013 | 67 | ORDER granting in part and denying in part 41 Motion for Summary Judgment. Motion granted with respect to harassment claim; denied in all other respects. Signed by District Judge Barbara B. Crabb on 5/9/13. (krj) (Entered: 05/09/2013) |
| 05/24/2013 | 68 | Motion to Compel *Discovery from Defendants* by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. Response due 5/31/2013. (Vasichek, Laurie) (Entered: 05/24/2013) |
| 05/24/2013 | 69 | Redacted Brief in Support of 68 Motion to Compel by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 05/24/2013) |
| 05/24/2013 | 70 | Declaration of Laurie A. Vasichek filed by Plaintiff Equal Employment Opportunity Commission re: 68 Motion to Compel (Attachments: <br> # 1 Exhibit A − Defendants' interrogatory responses, <br> # 2 Exhibit B − Defendants' response to document requests, <br> # 3 Exhibit C − correspondence from EEOC to Defendants, <br> # 4 Exhibit D − correspondence from EEOC to Defendants, <br> # 5 Exhibit E − REDACTED correspondence from EEOC to Defendants, <br> # 6 Exhibit F − REDACTED correspondence from Defendants to EEOC, <br> # 7 Exhibit G − correspondence from EEOC to Defendants, <br> # 8 Exhibit H − REDACTED correspondence from Defendants to EEOC, <br> # 9 Exhibit I − correspondence from Defendants to EEOC, <br> # 10 Exhibit J − email from EEOC to Defendants, <br> # 11 Exhibit K − email from EEOC to Defendants, <br> # 12 Exhibit L − Notice of Rule 30(b)(6) Deposition) (Vasichek, Laurie) (Entered: 05/24/2013) |
| 05/24/2013 | 71 | Deposition of Michael D. Schwartz, taken on 01/04/2013 *under Rule 30(b)(6)* (Vasichek, Laurie) Modified on 5/28/2013 (krj). (Entered: 05/24/2013) |
| 05/24/2013 | 72 | Redacted Motion to Seal by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. (Vasichek, Laurie) (Entered: 05/24/2013) |
| 05/24/2013 | 73 | Sealed Motion *to Seal* (Sealed Document) by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. (Vasichek, Laurie) (Entered: 05/24/2013) |

| | | |
|---|---|---|
| 05/24/2013 | 74 | Brief in Support of 68 Motion to Compel by Plaintiff Equal Employment Opportunity Commission (Sealed Document) (Vasichek, Laurie) (Entered: 05/24/2013) |
| 05/24/2013 | 75 | Exhibit to 70 Declaration of Laurie A. Vasichek filed by Equal Employment Opportunity Commission *Exhibit E − correspondence from EEOC to Defendants* (Sealed Document) (Attachments:<br># 1 Exhibit F − correspondence from Defendants to EEOC,<br># 2 Exhibit H − correspondence from Defendants to EEOC) (Vasichek, Laurie) Modified on 5/28/2013 (krj). (Entered: 05/24/2013) |
| 05/24/2013 | 76 | ** TEXT ONLY ORDER **<br>ORDER granting 73 Motion to seal brief in support of 68 motion to compel. Signed by Magistrate Judge Stephen L. Crocker on 5/24/13. (krj) (Entered: 05/24/2013) |
| 05/24/2013 | | Set/Reset Deadlines as to 68 Motion to Compel *Discovery from Defendants*. Response due 5/31/2013. Telephone Motion Hearing set for 6/6/2013 at 02:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. (krj) (Entered: 05/24/2013) |
| 05/31/2013 | 77 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 68 Motion to Compel filed by Equal Employment Opportunity Commission (Schwartz, Michael) (Entered: 05/31/2013) |
| 05/31/2013 | 78 | Affidavit of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 68 Motion to Compel (Attachments:<br># 1 Exhibit A − Deft's Answers to Interrogatories,<br># 2 Exhibit B − 5/29/13 EEOC Req. for Admissions to Sparx,<br># 3 Exhibit C − 5/29/13 EEOC Req. for Admissions to North Broadway,<br># 4 Exhibit D − Deft's Responses to EEOC's Fourth Req. for Production of Docs.,<br># 5 Exhibit E − Correspondence) (Schwartz, Michael) Modified exhibit descriptions on 6/3/2013 (mmo). (Entered: 05/31/2013) |
| 06/06/2013 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Motion Hearing held on 6/6/2013 [:55] (Court Reporter LS) (cak) (Entered: 06/06/2013) |
| 06/07/2013 | 79 | ** TEXT ONLY ORDER **<br>At a June 6, 2013 telephonic hearing, the court stayed a final decision on plaintiff's motion to compel discovery and to shift costs (dkt. 68 ), pending the parties' implementation of the discovery procedures directed by the court in response to the parties' input. The court has left the details to the parties to work out, but is available on short notice to referee any additional implementation disputes that crop up. It will be up to plaintiff to advise the court if it wishes to pursue its motion following implementation of the directed discovery procedures. Signed by Magistrate Judge Stephen L. Crocker on 6/6/13. (krj) (Entered: 06/07/2013) |
| 06/10/2013 | 80 | Transcript of telephone motion hearing, held 6/6/13 before Magistrate Judge Stephen L. Crocker. Court Reporter: LS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 06/10/2013) |
| 06/11/2013 | | Set Deadlines and Hearings re: 68 Motion to Compel *Discovery* by Plaintiff Equal Employment Opportunity Commission. Telephone Motion Hearing/Status Conference set for 6/14/2013 at 2:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. (arw) (Entered: 06/11/2013) |
| 06/11/2013 | | Reset Deadlines and Hearings re: 68 Motion to Compel *Discovery* by Plaintiff Equal Employment Opportunity Commission. Telephone Motion Hearing reset from 2:00 PM to 11:00 AM on 6/14/2013. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. (arw) (Entered: 06/11/2013) |

| 06/13/2013 | 81 | Notice *re filing motion to quash in District of South Carolina* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC . (Attachments: #_1 Exhibit 1. Notice of Appearance for Christopher Brekken filed in South Carolina, #_2 Exhibit 2. EEOC's Subpoena Duces Tecum to Denny's Corporation, #_3 Exhibit 3. EEOC's Affidavit of Service, #_4 Exhibit 4. Christopher Brekken's Notice of Motion and Motion to Quash filed in South Carolina) (Schwartz, Michael) Modified text on 6/13/2013 (krj). (Entered: 06/13/2013) |
| 06/13/2013 | 82 | Disregard − refiled as entry_83 ; Modified docket text on 6/14/2013; attorney refiled with exhibits attached. (mmo) (Entered: 06/13/2013) |
| 06/13/2013 | 83 | Declaration of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 79 Text Only Order,, 68 Motion to Compel (Attachments: #_1 Exhibit A − picture of access card and key, #_2 Exhibit B − picture of table and chairs, #_3 Exhibit C − picture of restrooms, #_4 Exhibit D − picture of water fountain, #_5 Exhibit E − picture of vending machines, #_6 Exhibit G − voicemail transcription from EEOC attorney June 8, 2012 voicemail, #_7 Exhibit I − June 12, 2013, correspondence regarding NightOwl copying, #_8 Exhibit J − receipt of custody to NightOwl, #_9 Exhibit K − June 12, 2013, letter and affidavit of service regarding tax returns, #_10 Exhibit L − June 12, 2013 letter serving detailed descriptions) (Schwartz, Michael) Modified exhibit descriptions on 6/14/2013; Exhibit F filed under entry 87 , contacted attorney − no Exhibit H to be filed. (mmo) (Entered: 06/13/2013) |
| 06/13/2013 | 84 | Declaration of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 79 Text Only Order, 68 Motion to Compel. (Sealed Document) (Attachments: #_1 Exhibit M − June 12, 2013, letter with list of active and terminated employees) (Schwartz, Michael) Sealed per order on 6/19/2013 (krj). (Entered: 06/13/2013) |
| 06/13/2013 | 85 | Declaration of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 79 Text Only Order,, 68 Motion to Compel . (Attachments: #_1 Exhibit REDACTED Exhibit M − June 12, 2013 letter with active and terminated list of employees) (Schwartz, Michael) Modified on 6/19/2013 (krj). (Entered: 06/13/2013) |
| 06/13/2013 | 86 | Motion to Seal 84 *Exhibit M to Declaration of Michael D. Schwartz* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. Motions referred to Magistrate Judge Stephen L. Crocker. (Schwartz, Michael) Modified text on 6/19/2013 (krj). (Entered: 06/13/2013) |
| 06/13/2013 | 87 | Declaration of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 86 Motion to Seal Document, 79 Text Only Order, 68 Motion to Compel. (Attachments: #_1 Exhibit F − Photos, reduced number of pictures due to size restrictions illustrating document production) (Schwartz, Michael) Modified docket text on 6/14/2013 (mmo). (Entered: 06/13/2013) |
| 06/14/2013 | 88 | Exhibit F to 83 Declaration, filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. *Exhibit F − Additional Pictures of arrangement of boxes* (Schwartz, Michael) Modified docket text on 6/14/2013 (mmo). (Entered: 06/14/2013) |
| 06/14/2013 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Motion Hearing held on 6/14/2013 [:45] (cak) (Entered: 06/14/2013) |
| 06/19/2013 | 89 | Motion to Bifurcate *Court and Jury Trial* by Plaintiff Equal Employment Opportunity Commission. Response due 6/26/2013. (Vasichek, Laurie) (Entered: |

| | | 06/19/2013) |
|---|---|---|
| 06/19/2013 | 90 | Brief in Support of 89 Motion to Bifurcate *Court and Jury Trial* by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 06/19/2013) |
| 06/19/2013 | 91 | Transcript of telephone motion hearing, held 6/14/13 before Magistrate Judge Stephen L. Crocker. Court Reporter: LS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 06/19/2013) |
| 06/19/2013 | 92 | ** TEXT ONLY ORDER **<br>ORDER granting 86 Motion to Seal. Signed by Magistrate Judge Stephen L. Crocker on 6/19/13. (krj) (Entered: 06/19/2013) |
| 06/26/2013 | 93 | Brief in Response Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re 89 Motion to Bifurcate *Court and Jury Trial* (Schwartz, Michael) Modified event on 6/27/2013 (krj). (Entered: 06/26/2013) |
| 06/28/2013 | 94 | ** TEXT ONLY ORDER **<br>In light of the court's decision to bifurcate and reschedule the trial(s) in this case, the parties' July 5 and July 19, 2013 submission deadlines are STRICKEN and will be reset—along with the jury trial date—at a telephonic scheduling conference with the Magistrate Judge on 7/3/2013 at 2:00 PM. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264−5153. Signed by Magistrate Judge Stephen L. Crocker on 6/28/2013. (lak) (Entered: 06/28/2013) |
| 06/28/2013 | | Set/Reset Trial Deadlines/Hearings: Court Trial set for 8/12/2013 at 9:00 AM. (lak) (Entered: 06/28/2013) |
| 07/03/2013 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Scheduling Conference held on 7/3/2013 [:15] (skv) (Entered: 07/03/2013) |
| 07/03/2013 | 95 | ** TEXT ONLY ORDER **<br>At a July 3, 2013 telephonic conference, the court directed the parties to follow the court's procedure governing bench trials (attached to dkt. 10) when submitting materials in anticipation of their bench trial. We calendared the jury trial as follows: first submissions due by August 12, 2013, responses due by August 26, 2013, final pretrial conference on September 5, 2013 at 4:00 p.m. (presumptively in person), jury selection and trial begin September 16, 2013 at 9:00 a.m. The parties predict a two or three day trial. Signed by Magistrate Judge Stephen L. Crocker on 7/3/2013. (voc) (Entered: 07/03/2013) |
| 07/03/2013 | | Set/Reset Trial Deadlines/Hearings: Final Pretrial Conference set for 9/5/2013 at 04:00 PM. (voc) (Entered: 07/03/2013) |
| 07/31/2013 | 96 | Motion in Limine *for Admission of Deposition Testimony* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 07/31/2013) |
| 08/01/2013 | 97 | Motion in Limine *Regarding The EEOC'S Failure to Satisfy the Conditions Precedent to this Title VII Action* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC, Counter Claimant Northern Star Hospitality, Inc.. (Schwartz, Michael) (Entered: 08/01/2013) |
| 08/01/2013 | 98 | Affidavit of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC, Counter Claimant Northern Star Hospitality, Inc. re: 97 Motion in Limine, (Attachments: # 1 Exhibit A − Amended Answer to First Amended Complaint, # 2 Exhibit B − REDLINE Amended Answer to Amended Complaint, # 3 Exhibit C − Email and Letter from Vasichek to Michael Schwartz dated 7−31−13) (Schwartz, Michael) Modified on 8/2/2013; requested attorney refile Exhibit C due to illegible pages 4−6. (mmo). Modified on 8/6/2013. Illegible pages to exhibit C stored in exhibit room. (voc) (Entered: 08/01/2013) |

| 08/05/2013 | 99 | Brief in Opposition by Plaintiff Equal Employment Opportunity Commission re: 97 Motion in Limine, filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. (Palmer−Denig, Jessica) (Entered: 08/05/2013) |
|---|---|---|
| 08/05/2013 | 100 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC, Counter Claimant Northern Star Hospitality, Inc. re: 96 Motion in Limine filed by Equal Employment Opportunity Commission (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 101 | Joint Final Pretrial Conference Report by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/05/2013) |
| 08/05/2013 | 102 | Proposed Findings of Fact by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/05/2013) |
| 08/05/2013 | 103 | Deposition Designations by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/05/2013) |
| 08/05/2013 | 104 | Proposed Special Verdict − for Court Trial by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/05/2013) |
| 08/05/2013 | 105 | Disregard − refiled as entry 114 ; Modified on 8/6/2013; requested attorney refile on court form. (mmo). (Entered: 08/05/2013) |
| 08/05/2013 | 106 | Exhibit List Conditions Precedent to Suit by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 107 | Exhibit List by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 108 | Proposed Special Verdict − Liability by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 109 | Proposed Findings of Fact by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 110 | Deposition Designations by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 111 | Amended Exhibit List Conditions Precedent to Suit by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 112 | Amended Exhibit List by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/05/2013) |
| 08/05/2013 | 113 | Proposed Findings of Fact − Successor Liability, Single Employer and Industry affecting Interstate Commerce by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) Modified docket text on 8/6/2013 (mmo). (Entered: 08/05/2013) |
| 08/06/2013 | 114 | Exhibit List by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/06/2013) |
| 08/06/2013 | 115 | Motion in Limine to Exclude Defendant from Calling Undisclosed or Late Disclosed Witnesses by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/06/2013) |
| 08/06/2013 | 116 | Amended Exhibit List by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/06/2013) |

| 08/07/2013 | 117 | Trial Brief by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/07/2013) |
| 08/07/2013 | 118 | Trial Brief by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Attachments: # 1 Exhibit A − Black's Law Dictionary Definition) (Schwartz, Michael) (Entered: 08/07/2013) |
| 08/08/2013 | 119 | Amended Exhibit List by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/08/2013) |
| 08/09/2013 | 120 | Deposition of Alexander Rivet taken on 6/13/2013 (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 121 | Deposition of Christopher Brekken taken on 7/2/2013 *30(b)(6) North Broadway Holdings* (Sealed Document) (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 122 | Deposition of Randy Krautkramer taken on 7/2/2013 *30(b)(6) North Broadway Holdings* (Sealed Document) (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 123 | Deposition of Christopher J. Brekken taken on 6/14/2013 (Sealed Document) (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 124 | Deposition of Christopher Brekken taken on 7/2/2013 (Sealed Document) (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 125 | Deposition of Angela Barrett taken on 7/11/2013 *Denny's Corporation* (Sealed Document) (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 126 | Motion to Seal *Document Nos. 121, 122, 123, 124, and 125* by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. (Vasichek, Laurie) (Entered: 08/09/2013) |
| 08/09/2013 | 127 | Amended Exhibit List by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/09/2013) |
| 08/09/2013 | 128 | ** TEXT ONLY ORDER ** The EEOC's motion to submit specified depositions under seal at defendants' request, dkt. 126 , is GRANTED, subject to being revisited at the bench trial. Signed by Magistrate Judge Stephen L. Crocker on 8/9/2013. (arw) (Entered: 08/09/2013) |
| 08/09/2013 | 129 | Witness List *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 130 | Exhibit List *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 131 | Deposition Designations *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 132 | Proposed Voir Dire by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 133 | Proposed Jury Instructions − Liability and Damages by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 134 | Proposed Special Verdict − Liability *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 135 | Proposed Special Verdict − Damages *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 136 | Motion in Limine *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 08/09/2013) |
| 08/09/2013 | 137 | Declaration of Jessica Palmer−Denig filed by Plaintiff Equal Employment Opportunity Commission re: 136 Motion in Limine (Attachments: |

| | | #_1 Exhibit A − Fax) (Palmer−Denig, Jessica) Modified exhibit description on 8/12/2013 (mmo). (Entered: 08/09/2013) |
|---|---|---|
| 08/11/2013 | 138 | Motion to Strike 117 Trial Brief by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. Response due 8/19/2013. (Schwartz, Michael) (Entered: 08/11/2013) |
| 08/11/2013 | 139 | Brief in Support of 138 Motion to Strike *Trial Brief* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/11/2013) |
| 08/12/2013 | 140 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: 1st Day Court Trial held on 8/12/2013 Briefing set. [4:27] (Court Reporter LS.) (voc) (Entered: 08/12/2013) |
| 08/12/2013 | 141 | Proposed Special Verdict − Damages by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 142 | Proposed Special Verdict − Liability by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 143 | Proposed Jury Instructions − Liability and Damages by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 144 | Motion in Limine *Relating to the Jury Trial* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 145 | Proposed Voir Dire by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 146 | Rule 26(a)(3) Pretrial Disclosures by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/12/2013) |
| 08/12/2013 | 147 | Disregard − refiled as entry 148 ; Modified on 8/13/2013; requested attorney refile on court form. (mmo). (Entered: 08/12/2013) |
| 08/13/2013 | 148 | Exhibit List *(Jury Trial)* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/13/2013) |
| 08/15/2013 | 149 | Transcript of court trial, morning session, held 8/12/13 before Judge Barbara B. Crabb. Court Reporter: LS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) Modified on 8/16/2013 (krj). (Entered: 08/15/2013) |
| 08/16/2013 | 150 | Transcript of court trial, afternoon session, held 8/12/13 before Judge Barbara B. Crabb. Court Reporter: CS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 08/16/2013) |
| 08/20/2013 | 151 | Objection to Rule 26(a)(3) Designations of Witnesses by Plaintiff Equal Employment Opportunity Commission (Palmer−Denig, Jessica) Modified on 8/26/2013 (rep). (Entered: 08/20/2013) |
| 08/20/2013 | 152 | ORDER granting 96 Motion for admission of deposition testimony of Chris Brekken, Randy Krautkramer, Kim Deasy, Chris Jarmuzek and Alex Rivet; denying 97 Motion to dismiss re failure to comply with Title VII's conditions precedent; granting 115 Motion to bar defendant from calling Lisa Donnerbauer, Donna Brey and Marian Drew; denying 138 Motion to Strike portions of plaintiff's trial brief; denying defendants' motion to dismiss case; denying defendants' motion to dismiss Northern Star Properties and North Broadway Holdings, Inc. Signed by |

| | | District Judge Barbara B. Crabb on 8/20/12. (krj) (Entered: 08/20/2013) |
|---|---|---|
| 08/26/2013 | 153 | Objections to Trial Exhibits *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 154 | Objections to 141 Proposed Special Verdict, 142 Proposed Special Verdict by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 155 | Objection to Rule 26(a)(3) Designations of deposition testimony by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) Modified text on 8/26/2013 (krj). (Entered: 08/26/2013) |
| 08/26/2013 | 156 | Brief in Opposition by Plaintiff Equal Employment Opportunity Commission re: 144 Motion in Limine filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. *Relating to the Jury Trial* (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 157 | Amended Deposition Designations *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 158 | Objections to 143 Proposed Jury Instructions by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 159 | Objections to 145 Proposed Voir Dire by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 08/26/2013) |
| 08/26/2013 | 160 | Objection to Plaintiff's Proposed Witness List, Rule 26(a)(3) Designations by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) Modified on 8/27/2013 (mmo). (Entered: 08/26/2013) |
| 08/26/2013 | 161 | Objections to 132 Proposed Voir Dire by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/26/2013) |
| 08/26/2013 | 162 | Objections to 133 Proposed Jury Instructions by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) (Entered: 08/26/2013) |
| 08/26/2013 | 163 | Objections to Trial Exhibits by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 08/26/2013) |
| 08/26/2013 | 164 | Objections to 135 Proposed Special Verdict on Damages by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) Modified docket text on 8/27/2013 (mmo). (Entered: 08/26/2013) |
| 08/26/2013 | 165 | Objections to 134 Proposed Special Verdict on Liability by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC (Schwartz, Michael) Modified docket text on 8/27/2013 (mmo). (Entered: 08/26/2013) |
| 08/26/2013 | 166 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 136 Motion in Limine filed by Equal Employment Opportunity Commission (Schwartz, Michael) (Entered: 08/26/2013) |
| 09/05/2013 | 167 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: Final Pretrial Conference held on 9/5/2013. Trial predicted to last 4 days. 14 jurors will be called forward. 8 jurors will be empaneled. [:38]<br><br>Attention: In the event of a settlement of this matter over the weekend, counsel are advised to contact the Clerk of Court at (608) 287−4875 or the Chief Deputy Clerk at (608) 354−8004. (Court Reporter CS.) (krj) (Entered: 09/05/2013) |
| 09/06/2013 | 168 | Final Pretrial Conference Order. Signed by District Judge Barbara B. Crabb on 9/6/13. (krj) (Entered: 09/06/2013) |

| 09/10/2013 | 169 | Transcript of Final Pretrial Conference, held 9/5/2013 before Judge Barbara B. Crabb. Court Reporter: CS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (voc) (Entered: 09/10/2013) |
|---|---|---|
| 09/11/2013 | 170 | Amended Exhibit List *(Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 09/11/2013) |
| 09/11/2013 | 171 | Deposition Designations *(Second Amended) (Jury Trial)* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) (Entered: 09/11/2013) |
| 09/11/2013 | 172 | Objections to Trial Exhibits by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 173 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *Defendants' Submission Regarding the Court's Introductory Instruction.* (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 174 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *Defendants' Supplemental Submission Regarding Pretext Instruction.* (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 175 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *Defendants' Supplemental Submission Regarding "Cat's Paw" Instruction.* (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 176 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *Defendants' Supplemental Submission Regarding "But For" Special Verdict.* (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 177 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re 171 Deposition Designations *Defendants' Obejctions to the EEOC's Second Amended Designation of Deposition Testimony.* (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 178 | Amended Deposition Designations by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 09/11/2013) |
| 09/12/2013 | 179 | Amended Exhibit List *for Jury Trial* by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (Schwartz, Michael) (Entered: 09/12/2013) |
| 09/13/2013 | 180 | Objections to *Defendants' Supplemental Submissions (Dkt 173−176)* by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 09/13/2013) |
| 09/13/2013 | 181 | Objection to 178 Defendants' Late−Disclosed Deposition Designations, by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) Modified on 9/13/2013. (lak) (Entered: 09/13/2013) |
| 09/13/2013 | 182 | Objection to 178 Rule 26(a)(3) Designations by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) Added docket entry relationship per filer's request on 9/13/2013 (krj). (Entered: 09/13/2013) |
| 09/13/2013 | 183 | Notice by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC *Defendants' Memorandum in Response to EEOC's Objection to Amended Deposition Designations.* (Schwartz, Michael) (Entered: 09/13/2013) |
| 09/16/2013 | | Set/Reset Trial Date: 2nd Day Jury Trial set for 9/17/2013 at 9:00 AM. (lak) (Entered: 09/16/2013) |
| 09/16/2013 | 184 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: Jury Selection and First Day of Trial held on 9/16/2013. Trial continues. [5:32] (Court Reporter LS/CS.) (krj) (Entered: 09/16/2013) |

| 09/17/2013 | | Set/Reset Trial Date: 3rd Day Jury Trial set for 9/18/2013 at 9:00 AM. (lak) (Entered: 09/17/2013) |
|---|---|---|
| 09/18/2013 | 185 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: 2nd Day Jury Trial held on 9/17/2013. Trial continues. [4:41] (Court Reporter LS/CS.) (krj) (Entered: 09/18/2013) |
| 09/18/2013 | | Set/Reset Trial Date: 4th Day Jury Trial set for 9/19/2013 at 9:00 AM. (lak) (Entered: 09/18/2013) |
| 09/19/2013 | 186 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: 3rd Day Jury Trial held on 9/18/2013. Liability and Damages verdicts returned in favor of Equal Employment Opportunity Commission − Damages awarded in the amount of $ $15,000. [2:46] (Court Reporter LS.) (krj) (Entered: 09/19/2013) |
| 09/19/2013 | | Set/Reset Trial Deadlines/Hearings: Court Trial set for 9/19/2013 at 09:00 AM. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 187 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: 1st Day Court Trial held on 9/19/2013. Briefing set. [:58] (Court Reporter LS.) (krj) (Entered: 09/19/2013) |
| 09/19/2013 | | Post trial submissions due 9/27/2013. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 188 | Introductory Jury Instructions. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 189 | Deliberation Jury Instructions − Liability. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 190 | Jury Verdict − Liability: Verdict returned in favor of Plaintiff Equal Employment Opportunity Commission. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 191 | Damages Jury Instructions. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 192 | Jury Verdict − Damages: Verdict returned in favor of Plaintiff Equal Employment Opportunity Commission in the amount of $15,000. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 193 | Exhibit List by Plaintiff Equal Employment Opportunity Commission. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 194 | Exhibit List by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. (krj) (Entered: 09/19/2013) |
| 09/19/2013 | 195 | Court Exhibit (Sealed Document). (krj) (Entered: 09/19/2013) |
| 09/25/2013 | 196 | Transcript of first day of jury trial, morning session, held 9/16/13 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/25/2013) |
| 09/25/2013 | 197 | Transcript of second day of jury trial, morning session, held 9/17/13 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/25/2013) |
| 09/26/2013 | 198 | Transcript of third day of jury trial, held 9/18/13 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/26/2013) |
| 09/26/2013 | 199 | Transcript of court trial, held 9/19/13 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/26/2013) |
| 09/27/2013 | 200 | Brief in Opposition to EEOC's Request for Injunctive Relief and Back Pay by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., |

| | | Northern Star Properties, LLC . (Schwartz, Michael) Modified docket text on 9/27/2013 (mmo). (Entered: 09/27/2013) |
|---|---|---|
| 09/27/2013 | 201 | Affidavit of Michael D. Schwartz by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re 200 Brief in Opposition to EEOC's Request for Injunctive Relief and Back Pay . (Attachments:<br># 1 Exhibit A − Employee Handbook,<br># 2 Exhibit B − Brand Standards,<br># 3 Exhibit C − DFO, LLC Franchise Agreement,<br># 4 Exhibit D − Excerpt from Trial Transcript,<br># 5 Exhibit E − Wisconsin Court System Circuit Court Access,<br># 6 Exhibit F − June 27, 2013 correspondence to counsel for EEOC,<br># 7 Exhibit G − pertinent pages of deposition transcript of Angela Barrett,<br># 8 Exhibit H − pertinent pages of the deposition transcript of Chris Brekken dated July 2, 2013,<br># 9 Exhibit I − pertinent pages of the deposition transcript of Michael Schwartz) (Schwartz, Michael) Modified docket text on 9/27/2013; depos/transcripts previously filed. (mmo). (mmo). (Entered: 09/27/2013) |
| 09/27/2013 | 202 | Affidavit of Lisa Donnerbauer by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re 200 Brief in Opposition to EEOC's Request for Injunctive Relief and Back Pay. (Attachments:<br># 1 Exhibit A − poster "The Law",<br># 2 Exhibit B − Policies) (Schwartz, Michael) Modified docket text on 9/27/2013 (mmo). (Entered: 09/27/2013) |
| 09/27/2013 | 203 | Post Trial Brief *Supplemental Brief Regarding Requested Equitable Relief* by Plaintiff Equal Employment Opportunity Commission (Vasichek, Laurie) (Entered: 09/27/2013) |
| 09/27/2013 | 204 | Declaration of Laurie A. Vasichek re 203 Trial Brief *Regarding Requested Equitable Relief* (Attachments:<br># 1 Exhibit 1 − email correspondence) (Vasichek, Laurie) (Entered: 09/27/2013) |
| 09/27/2013 | 205 | Transcript of first day of jury trial, afternoon session, held 9/16/13 before Judge Barbara B. Crabb. Court Reporter: CS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/27/2013) |
| 09/27/2013 | 206 | Transcript of second day of jury trial, afternoon session, held 9/17/13 before Judge Barbara B. Crabb. Court Reporter: CS.<br>Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (krj) (Entered: 09/27/2013) |
| 09/27/2013 | 207 | Motion Pursuant to Fed. R. Civ. P. 60(B)(3) and (D)(3) Regarding Dion Miller's Perjury re 192 Jury Verdict by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC. Response due 10/4/2013. (Schwartz, Michael) Modified text on 10/3/2013 (krj). (Entered: 09/27/2013) |
| 09/27/2013 | 208 | Affidavit of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 207 Motion for Miscellaneous Relief, (Attachments:<br># 1 Exhibit A − Excerpt from Trial Transcript,<br># 2 Exhibit B − Wisconsin Court System Circuit Court Access) (Schwartz, Michael) (Entered: 09/27/2013) |
| 09/30/2013 | 209 | Brief in Opposition by Plaintiff Equal Employment Opportunity Commission re: 207 Motion for Miscellaneous Relief, filed by North Broadway Holdings, Inc., Northern Star Properties, LLC, Northern Star Hospitality, Inc. *Re Rule 60* (Palmer−Denig, Jessica) (Entered: 09/30/2013) |
| 09/30/2013 | 210 | Declaration of Dion Miller filed by Plaintiff Equal Employment Opportunity Commission *in support of EEOC's Response* re: 207 Motion for Miscellaneous Relief, (Palmer−Denig, Jessica) (Entered: 09/30/2013) |

Case: 3:11-cv-00214-bbc   Document #: 266 Filed: 03/27/2014   Page 19 of 20
Case: 3:11-cv-00214-bbc   Document #: 266 Filed: 03/27/2014   Page 19 of 20
Case: 14-1660      Document: 1-1      Filed: 03/27/2014      Pages: 41

| | | |
|---|---|---|
| 09/30/2013 | 211 | Declaration of Jessica Palmer−Denig filed by Plaintiff Equal Employment Opportunity Commission re: 207 Motion for Miscellaneous Relief, (Attachments: # 1 Exhibit 1 − Defendant Sparx's 1st Set of Interrogatories, # 2 Exhibit 2 − EEOC's Answers to Defendant Sparx's 1st Set of Interrogatories, # 3 Exhibit 3 − Defendant Sparx's 2nd Set of Interrogatories, # 4 Exhibit 4 − EEOC's Answers to Defendant Sparx's 2nd Set of Interrogatories, # 5 Exhibit 5 − Defendant Properties' 1st Set of Interrogatories, # 6 Exhibit 6 − EEOC's Answers to Defendant Properties' 1st Set of Interrogatories, # 7 Exhibit 7 − Defendant Holdings' 1st Set of Interrogatories, # 8 Exhibit 8 − EEOC's Answers to Defendant Holdings' 1st Set of Interrogatories) (Palmer−Denig, Jessica) Modified on 9/30/2013 (rep). (Entered: 09/30/2013) |
| 10/01/2013 | 212 | Motion to Continue *(for Continuance Due To Government Shutdown)* by Plaintiff Equal Employment Opportunity Commission. Response due 10/8/2013. (Palmer−Denig, Jessica) (Entered: 10/01/2013) |
| 10/01/2013 | 213 | ** TEXT ONLY ORDER ** ORDER granting 212 Motion for continuance due to government shutdown. Signed by District Judge Barbara B. Crabb on 10/1/2013. (voc) (Entered: 10/01/2013) |
| 11/15/2013 | 214 | ** TEXT ONLY ORDER ** The stay in this case is lifted. Defendants' reply brief re: dkt. 207 is due on or before November 22, 2013. ( Brief in Reply due 11/22/2013.) Signed by District Judge Barbara B. Crabb on 11/15/2013. (voc) (Entered: 11/15/2013) |
| 11/22/2013 | 215 | Brief in Reply by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC in Support of 207 Motion for Miscellaneous Relief, (Schwartz, Michael) (Entered: 11/22/2013) |
| 11/22/2013 | 216 | Affidavit of Michael D. Schwartz filed by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: 207 Motion for Miscellaneous Relief, (Attachments: # 1 Exhibit A − EEOC's Answers to Defendant's Second Set of Interrogatories) (Schwartz, Michael) Modified on 11/25/2013. (lak) (Entered: 11/22/2013) |
| 01/27/2014 | 217 | ORDER granting EEOC's request for back pay and injunctive relief; denying EEOC's request for front pay. Motion for relief from judgment 207 (construed as motion to overturn jury's award of damages to Dion Miller) denied. Defendants enjoined from discharging employees in retaliation for complaints about racially offensive postings in workplace; from failing to adopt policies that prohibit actions made unlawful under Title VII; from failing to adopt investigative process re discrimination claims; and from failing to provide annual training re Title VII. Dion Miller awarded back pay plus interest and $15,000 for emotional damages. Signed by District Judge Barbara B. Crabb on 1/27/14. (krj) (Entered: 01/27/2014) |
| 01/27/2014 | | Plaintiff's submission of additional interest from 9/1/13 to 1/31/14 due 2/3/2014. Brief in Opposition due 2/13/2014. (krj) (Entered: 01/27/2014) |
| 02/03/2014 | 218 | Brief in Support of *Interest Calculation* by Plaintiff Equal Employment Opportunity Commission. (Palmer−Denig, Jessica) Modified on 2/4/2014. (lak) (Entered: 02/03/2014) |
| 02/03/2014 | 219 | Motion for Clarification re 217 Order on Motion for Miscellaneous Relief, by Plaintiff Equal Employment Opportunity Commission. Response due 2/10/2014. (Palmer−Denig, Jessica) (Entered: 02/03/2014) |
| 02/07/2014 | 220 | Brief in Opposition by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC re: Submission of Additional Interest. (Schwartz, Michael) Modified on 2/10/2014. (lak) (Entered: 02/07/2014) |
| 02/07/2014 | 221 | Brief in Reply by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC in Support of 219 Motion for Clarification (Schwartz, Michael) (Entered: 02/07/2014) |
| 02/19/2014 | 222 | ORDER amending re 217 Order entered on 1/27/14. Paragraph 1(e) is added following 1(d) of the order: Defendants are to send plaintiff a statement of |

| | | |
|---|---|---|
| | | compliance no later than December 31 for each of the three years in which the injunction is in effect. Paragraphs 3 and 4 are struck and the following paragraphs are entered in their place: 3. Dion Miller is awarded back pay in the amount of $40,197.99, plus interest for the period from his date of termination through January 31, 2014 in the amount of $3102.51, for a total award of $43,300.50; 4. Dion Miller is awarded an additional amount of back pay equal to 15% of the back pay award, including interest, which additional amount equals $6495.00, to reimburse him for the extra taxes he will owe on the lump sum payment he is to receive. In all other respects, the 1/27/14 order remains as entered. Clerk of court directed to enter judgment for plaintiff and close case. Signed by District Judge Barbara B. Crabb on 2/19/14. (krj) (Entered: 02/19/2014) |
| 02/25/2014 | 223 | JUDGMENT in favor of Equal Employment Opportunity Commission against North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC in the amount of $ 64,795.50. (BBC / PAO). (krj) (Entered: 02/25/2014) |
| 02/26/2014 | 224 | Bill of Costs by Plaintiff Equal Employment Opportunity Commission. Motions referred to Magistrate Judge Stephen L. Crocker. Objection to Bill of Costs due 3/10/2014. Brief in Support to Bill of Costs due 3/18/2014. Brief in Reply in Opposition to Bill of Costs due 3/24/2014. (Attachments: # 1 Declaration of Laurie A. Vasichek, # 2 Exhibit A Service of Process Invoices, # 3 Exhibit B Invoices of Transcripts, # 4 Exhibit C Invoices of Printing Costs, # 5 Exhibit D Invoices of Costs for Obtaining Records, # 6 Exhibit E Invoices of Witness Costs) (Vasichek, Laurie) Modified on 2/27/2014. Attorney requested to file declaration and attachments as a separate docket entry. (lak) (Entered: 02/26/2014) |
| 02/27/2014 | 225 | Declaration of Laurie A. Vasichek filed by Plaintiff Equal Employment Opportunity Commission re: 224 Bill of Costs,, (Attachments: # 1 Exhibit A Service of Process Invoices, # 2 Exhibit B Invoices of Transcripts, # 3 Exhibit C Invoices of Printing Costs, # 4 Exhibit D Invoices for Obtaining Records, # 5 Exhibit E Witness Travel Fees) (Vasichek, Laurie) (Entered: 02/27/2014) |
| 03/11/2014 | | Action Requested: Defendants' counsel is to inform the clerk's office by 3/14/14 whether or not he wants the court's copies of defendants' trial exhibits returned to him. If the court does not hear from counsel by 3/14/14, the exhibits will be disposed of. (krj) (Entered: 03/11/2014) |
| 03/13/2014 | 226 | ORDER on Bill of Costs: Costs Taxed in favor of Plaintiff in the amount of $9,616.56. Signed by Peter A. Oppeneer, Clerk of Court on 3/13/14. (krj) (Entered: 03/13/2014) |
| 03/27/2014 | 227 | NOTICE OF APPEAL by Defendants North Broadway Holdings, Inc., Northern Star Hospitality, Inc., Northern Star Properties, LLC, Counter Claimant Northern Star Hospitality, Inc. as to 152 Order on Motion in Limine,,, Order on Motion to Strike,,,,,,, 223 Judgment. Filing fee of $ 505, receipt number 0758−1322423 paid. Docketing Statement filed. (Attachments: # 1 Docketing Statement Docketing Statement) (Schwartz, Michael) (Entered: 03/27/2014) |
| 03/27/2014 | 228 | Appeal Information Packet. (krj) (Entered: 03/27/2014) |